FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 14 2010
TIME A.M. P.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
JOEL ROBERTS, : **MEMORANDUM**
Petitioner, : **DECISION AND ORDER**
:
- against - : 10 Civ. 4264 (BMC)
:
JOSEPH T. SMITH, Superintendent, :
:
Respondent. :
:
------------------------------------------------------------- X

**COGAN**, District Judge.

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2254 to set aside his state court conviction on two counts of murder, one count of assault, and three counts of illegal possession of a weapon. He was sentenced to two consecutive terms of 25 years to life for the murders, and lesser concurrent terms for the other charges. I assume familiarity with the underlying facts, the procedural history, and the issues presented for review. To summarize, the jury found that petitioner – an admitted member of a group that engaged in illegal drug distribution – together with an accomplice named Vasquez (a hired killer) and Simington (another accomplice in petitioner's drug dealing) shot and killed two men and wounded two others in retaliation for the victims' shooting of one of petitioner's co-group members. They did this at the direction of the leader of the street gang, Edward Jeffries. The jury rejected petitioner's testimony that he did not know Jeffries. Additional facts are set forth below to address petitioner's arguments.

Petitioner raises three points of error: (1) the trial court erred in admitting the testimony of Simington because, as an accomplice, New York law required corroboration for his testimony

and the corroboration was insufficient; (2) the prosecutor engaged in misconduct by eliciting testimony that there were spectators in the courtroom who worked for Jeffries; and (3) the trial court erred in allowing Simington to testify that he had been attacked in prison to deter him from testifying in connection with the shootings. For the reasons set forth below, each of these points is without merit and thus the petition is denied.

**1. Accomplice Corroboration**

Simington was the primary witness against petitioner at trial. Under New York law, the testimony of an accomplice must be corroborated. N.Y. Crim. Proc. Law § 60.22(1). The failure to do so prevents the prosecution from establishing a legally sufficient case. Id. § 70.10(1). Petitioner contends that there was not sufficient evidence *aliunde* to corroborate Simington's testimony.

The Due Process Clause of the United States Constitution, however, includes no such corroboration requirement. See Caminetti v. United States, 242 U.S. 470, 495, 37 S.Ct. 192 (1917) ("[T]here is no absolute rule of law preventing convictions on the testimony of accomplices if juries believe them."); United States v. Hamilton, 334 F.3d 170, 179 (2d Cir. 2003) ("The testimony of a single accomplice is sufficient to sustain a conviction so long as that testimony is not incredible on its face and is capable of establishing guilt beyond a reasonable doubt.") (internal quotation marks omitted)). Because federal habeas corpus is available only to review convictions obtained in violation of the United States Constitution, petitioner's claim cannot be considered by this Court. See Scott v. Unger, No. 08-cv-0145, 2010 WL 3241825, *13-14 (W.D.N.Y. Aug. 16, 2010) (collecting cases refusing to consider New York's accomplice corroboration rule in the habeas context).

## 2. Prosecutorial Misconduct

During Simington's cross-examination, Vasquez' counsel attempted to impeach Simington by having him admit that he had refused to testify against Jeffries, thus portraying Simington as someone who was either connected with Jeffries or not willing to give the entire story. On redirect examination, the prosecution sought to rehabilitate Simington by showing that the reason he refused to testify against Jeffries was out of fear:

> Q: When you were asked on cross-examination various questions about the drug group and Sha [Jeffries] and the people related to him, are there other people in this courtroom right now that either work for and have close relationships with Sha?
> A: Yes.

There was no objection to this testimony by either Vasquez' attorney or petitioner's.

On appeal, petitioner nevertheless contended that it was "absolutely improper" for the prosecutor to have elicited it, and that this misconduct amounted to a denial of due process. The Appellate Division rejected petitioner's argument as "unpreserved for appellate review, and in any event, any error does not require reversal." People v. Roberts, 64 A.D.3d 727, 881 N.Y.S.2d 903 (2d Dep't 2009). Since the Appellate Division was clearly referring to the instant claim, and "unpreserved" refers to the failure to object at trial, see N.Y. Crim. Proc. Law § 470.05(2), the ruling reviewed by this Court is based on a procedural bar under state law. See Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990) (rejecting habeas review, as procedurally barred, of People v. Velasquez, 141 A.D.2d 882, 530 N.Y.S.2d 208 (2d Dep't 1988), where Appellate Division found the claim "unpreserved for appellate review" and "[i]n any case," without merit).

According to the independent and adequate state ground doctrine, a federal court will not hear a habeas claim if the state court declined to address the claim due to petitioner's failure to

meet a state procedural requirement. See Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S.Ct. 2546 (1991); see also Garcia v. Lewis, 188 F.3d 71, 77 (2d Cir. 1999) (holding that a procedural bar is adequate only if it is based on a rule that is "firmly established and regularly followed"). To determine if a state court's holding constitutes a procedural bar, federal habeas courts should "distinguish between two mutually exclusive categories of state-court decisions disposing of a federal claim: (1) state-court decisions that fairly appear either to rest primarily on federal law, or to be interwoven with federal law [and] (2) state-court decisions that fairly appear to rest primarily on state procedural law." Jimenez v. Walker, 458 F.3d 130, 138 (2d Cir. 2006). If a state court has found that a claim is unpreserved for appellate review and then ruled "in any event" on the merits, this determination constitutes an adequate and independent procedural bar. Glenn v. Bartlett, 98 F.3d 721, 724-25 (2d Cir. 1996); see also Rush v. Artuz, No. CV-99-2840, 2009 WL 982418, at *5 n. 5 (E.D.N.Y. Apr. 10, 2009) ("Where the state court has issued a holding that the claims 'were not preserved for appellate review, in addition to finding that they were, in any event, without merit,' then the procedural ground is an adequate and independent state ground that will bar federal review.") (quoting Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990)).

The Appellate Division ruled that petitioner's claim of prosecutorial misconduct was unpreserved. There can be no dispute that N.Y. Crim. Proc. Law § 470.05(2) – New York's "contemporaneous objection" rule – is firmly established and regularly followed in New York criminal practice. See e.g., Garvey v. Duncan, 485 F.3d 709, 720 (2d Cir. 2007). Thus, the Court finds that federal review of this claim is procedurally barred as it fairly appears to rest primarily on state procedural law. See Jimenez, 458 F.3d at 138.

Petitioner can surmount this procedural bar only if he is able to show "cause for default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. He has not, and on this record, cannot, make any such showing. Accordingly, this claim is denied.

### 3. Evidentiary Error

On direct examination, Simington testified that while being held at Rikers Island in connection with the subject shootings, but before he entered into a cooperation agreement with the District Attorney, he was stabbed and blinded in one eye. During the attack, his assailant said that he wanted to "teach [Simington] to stop running his ... mouth." Simington also testified that at the time of the attack, he knew Vasquez had a copy of a statement that Simington had given the police, in which he had identified a "Spanish kid" as being involved in the shootings. It was shortly after the attack that Simington entered into his cooperation agreement.

In a ruling from the bench before the testimony was offered, the trial court overruled petitioner's (and Vasquez') objection that the testimony was unfairly prejudicial, finding that it went to explain Simington's motivation and state of mind in entering into the cooperation agreement. At the request of defense counsel, it gave a limiting instruction on this evidence a part of its final charge: "I instruct you that you are to consider the testimony [regarding the stabbing of Simington] solely as evidence of Kenneth Simington's state of mind and not proof whatsoever of the defendant's [sic] guilt of the crimes charged. The evidence was not offered for that purpose and you must not consider it for that purpose." The Appellate Division rejected petitioner's claim of error, finding that the testimony was properly received "to establish the

accomplice's state of mind with respect to his decision to cooperate with the District Attorney's office." Roberts, 64 A.D.3d at 727, 881 N.Y.S.2d at 903.

Federal courts may issue a writ of habeas corpus based upon a state evidentiary error only if the petitioner demonstrates that the alleged error violated an identifiable constitutional right, and that the error was "'so extremely unfair that its admission violates fundamental conceptions of justice.'" Dunnigan v. Keane, 137 F.3d 117, 125 (2d Cir. 1998) (quoting Dowling v. United States, 493 U.S. 342, 352, 110 S.Ct. 668, 674, (1990)). A habeas petitioner "'bears a heavy burden because evidentiary errors generally do not rise to constitutional magnitude.'" Sierra v. Burge, No. 06 Civ. 14432, 2007 WL 4218926, *5 (S.D.N.Y. Nov. 30, 2007) (quoting Copes v. Shriver, No. 97 Civ. 2284, 1997 WL 659096, *3 (S.D.N.Y. Oct. 22, 1997)). Moreover, since the Appellate Division denied petitioner's claim on the merits, this Court's review is limited to the question of whether the Appellate Division decision is contrary to, or an unreasonable application of, Supreme Court precedent. See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000).

Petitioner cannot meet this standard. Even if there was error in admitting the testimony, it was not so pervasive that it affected the fundamental fairness of petitioner's trial. The record shows that the trial judge carefully considered the possible prejudice to petitioner from admitting the testimony, but concluded that without it, the jury might be led to believe that Simington's sole motivation in cooperating was to obtain a reduction in his own sentence, when in fact another motivator, one less damaging to his credibility, was his fear of what might happen to him in prison without protection by the authorities. The trial court's conclusion that any prejudice to petitioner could be reduced by giving the limiting instruction reflects the kind of balancing that trial judges must do in most cases.

6

Notably, petitioner did not cite a single Supreme Court case or even any case dealing with constitutional issues in his argument to the Appellate Division, and not surprisingly, he cites none here. Although his brief to the Appellate Division contained a few references to the talismanic principles of fundamental fairness and due process, the gist of his argument was that the trial court abused its discretion in admitting the evidence of the attack on Simington. This is no doubt because there is no analogous Supreme Court authority that runs contrary to the Appellate Division's decision to affirm the trial court. Accordingly, I find that petitioner's claim is without merit.

## CONCLUSION

For the reasons set forth above, the petition is dismissed. Petitioner has failed to make a substantial showing of the denial of a constitutional right. A certificate of appealability shall not issue. See 28 U.S.C. § 2253. Further, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920-21 (1962). The Clerk of the Court is directed to enter judgment and mail a copy of this Order to petitioner *pro se*.

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
December 13, 2010